UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN DOE and JANE DOE, as Parents and Next Friends of E.K., a Minor,<br><br>      *Plaintiffs*<br>v.<br><br>MAINE SCHOOL ADMINISTRATIVE DISTRICT NO. 13,<br><br>      *Defendant* | No. 1:19-cv-00369-GZS |

*MEMORANDUM DECISION AND ORDER ON*
*PLAINTIFFS' MOTION TO EXTEND TIME*

In this action challenging a Maine Department of Education (MDOE) hearing officer's dismissal of the plaintiffs' request for a hearing pursuant to the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1415, *pro se* plaintiffs John Doe and Jane Doe move for at least a 30-day extension of time to file unspecified "next document(s)" with the court, apparently for purposes of supplementing the record. *See* [Plaintiffs' Motion to Extend Time to File Documents] ("Motion") (ECF No. 38). For the reasons that follow, I deny the Motion, declining to extend the parties' September 23, 2020, deadline to supplement the record. However, in consideration of the time absorbed litigating the Motion, I extend remaining scheduling order deadlines as specified below.

### I.  Applicable Legal Standards

Federal Rule of Civil Procedure 6 provides, in relevant part:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time:
>
> **(A)** with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or

1

   **(B)** on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b)(1); *see also* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

  The "good cause" standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent." *Steir v. Girl Scouts of the USA,* 383 F.3d 7, 12 (1st Cir. 2004) (footnote omitted). However, when a party files a motion to enlarge a deadline after that deadline's expiration, that party must not only show good cause but also demonstrate that the party "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

  Analysis of excusable neglect entails consideration of all relevant circumstances surrounding the party's omission, including "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Nickerson-Malpher v. Baldacci*, 247 F.R.D. 223, 224 (D. Me. 2008) (citation and internal quotation marks omitted).

## II.  Procedural Background

  On July 24, 2020, pursuant to Local Rule 16.3(e), I held an initial scheduling conference with the *pro se* plaintiffs and counsel for defendant Maine School Administrative District No. 13 (the "District") during which the parties agreed to the schedule reflected in the scheduling order issued by this court on July 27, 2020. *See* ECF Nos. 24-26. That scheduling order directed that the administrative record and transcript be filed by August 24, 2020, any motion to supplement the record be filed by September 23, 2020, the plaintiffs' brief be filed by October 23, 2020, the

defendant's brief be filed by November 23, 2020, and the plaintiffs' reply brief be filed by December 8, 2020. *See* ECF No. 26 at [2].

On September 24, 2020, the plaintiffs filed the instant motion, stating that (i) they did not receive copies of the hearing records from the MDOE that were requested by the defendant's counsel, (ii) it appeared that the records requested by the defendant's counsel did not comprise the complete MDOE record, omitting recordings of telephone conferences, (iii) plaintiff John Doe's "inquiry into the documents didn't begin until the date passed when [he] was expecting to receive them[,]" (iv) John Doe understood from the MDOE that he and Jane Doe would be provided copies of the records and recordings "in the near future[,]" and (v) without those records and recordings, the plaintiffs could not proceed further. Motion. The plaintiffs requested "an extension of time to file our next document(s) with the Court of at least 30 days from the day we receive the records and documents from the" MDOE. *Id*.

On October 2, 2020, the defendant filed an opposition to the Motion representing, in accordance with a declaration of Drummond Woodsum employee Tynan Lawrence submitted therewith, that (i) the District emailed the Does a complete set of records received from the MDOE on August 21, 2020, to which the Does did not respond, (ii) on August 24, 2020, the District filed a redacted version of the record with the court, mailing the Does a redacted copy of the same via U.S. mail, (iii) on August 25, 2020, the District filed an unredacted copy of the record under seal with the court, again mailing a copy to the Does, and (iv) neither the email nor copies of the mailed records were returned as undeliverable. *See* Defendant's Response in Opposition to Motion to Extend Time to File Additional Records ("Response") (ECF No. 39) at 2; Declaration of Tynan Lawrence ("Lawrence Decl.") (ECF No. 39-1), attached thereto, ¶¶ 2-8.

3

The plaintiffs filed no reply brief in support of the Motion by the deadline of October 7, 2020.  *See* CM/ECF Docket.

### III.  Discussion

Arguably, the plaintiffs must demonstrate not only good cause but also excusable neglect, having filed, on September 24, 2020, what reasonably can be construed as a motion to extend time to file a motion to supplement the record one day after the deadline to do so had lapsed.  Regardless, their motion founders on the "good cause" prong of the analysis.  As the defendant argues, the plaintiffs provide no "legitimate justification for the extension[.]"  Response at 1.

The plaintiffs contend that, as of the date they filed the instant motion on September 24, 2020, they had not received copies of the MDOE record.  *See* Motion.  However, the court's CM/ECF docket confirms that the defendant filed a redacted version of the MDOE record on August 24, 2020, and a sealed, unredacted version the following day.  *See* ECF Nos. 29, 32.  Further, Lawrence avers that the District emailed the Does a complete set of records received from the MDOE on August 21, 2020, to which the Does did not respond, mailed redacted and unredacted copies of the record to them on August 24 and 25, 2020, and that neither the email nor the copies of the mailed records were returned as undeliverable.  *See* Lawrence Decl. ¶¶ 2-8.  The plaintiffs have not challenged those representations.  Insofar as appears, while John Doe represents that his "inquiry into the documents didn't begin until the date passed when [he] was expecting to receive them[,]" Motion, he received them on or about August 25, 2020.[1]

---

[1] The plaintiffs made a similar argument in filing a motion for reconsideration of the court's grant of motions to dismiss all but one defendant, the District, contending that "they did not receive the motions in the mail at the address listed on the docket and that they would have filed a response if they had received the motions."  Order on Motion for Reconsideration (ECF No. 37) at 2 (footnote omitted).  The court was unpersuaded, observing, "While Plaintiffs assert that they did not receive the underlying motion papers, based on the certificates of service attached to each motion and the additional information the School Defendants have provided in responding to the present motion, the Court concludes all of the motion papers were mailed to Plaintiffs and not returned to their respective senders."  *Id*. at 2 n.1.

As noted above, the "good cause" standard "focuses on the diligence (or lack thereof) of the moving party[.]" *Steir,* 383 F.3d at 12 (footnote omitted).  The plaintiffs have shown a lack of diligence and, therefore, have fallen short of demonstrating good cause for the requested extension.  The vagueness of their request further undermines any showing of good cause.  They do not specify which deadline(s) they wish to extend, which documents they intend to file, or the precise length of the requested extension.

## IV.  Conclusion

For the foregoing reasons, on the showing made, the plaintiffs' motion to extend time is **DENIED**.  However, I **ENLARGE** the parties' remaining deadlines as follows to make allowance for time absorbed in the litigation of the instant motion: the plaintiffs' brief, not to exceed 35 pages, shall be filed no later than November 16, 2020; the defendant's responsive brief, not to exceed 35 pages, shall be filed no later than December 16, 2020; and the plaintiffs' reply brief, not to exceed 10 pages, shall be filed no later than December 31, 2020.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 16th day of October, 2020.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge